DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellees, Dillard's Inc., et al., in this employment termination case. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant, Michael A. Walton, sets forth the following four assignments of error:
 "PLAINTIFF'S/APPELLANT'S ASSIGNMENTS OF ERROR AND ISSUES PRESENTED FOR REVIEW
 "ASSIGNMENT OF ERROR NO. 1:
THE TRIAL COURT ERRED WHEN GRANTING SUMMARY JUDGMENT AND CONCLUDING PLAINTIFF WAS TERMINATED FOR JUST CAUSE.
"Issue 1:
 WHEN THE OHIO BUREAU OF EMPLOYMENT CONCLUDES DEFENDANT-APPELLEES DID NOT HAVE JUST CAUSE TO TERMINATE PLAINTIFF-APPELLANT AND DEFENDANT-APPELLEE NEVER APPEALED THE OHIO BUREAU OF EMPLOYMENT'S DECISION, A MATERIAL FACT IN DISPUTE EXISTS WHETHER PLAINTIFF-APPELLANT WAS TERMINATED FOR JUST CAUSE.
"ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED WHEN GRANTING SUMMARY JUDGMENT AND CONCLUDING THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS NO IMPLIED CONTRACT EXISTED BETWEEN THE PARTIES.
"Issue 2:
 THE TRIAL COURT ERRED IN CONCLUDING THAT AS A MATTER OF LAW, THE PARTIES' EMPLOYEE HANDBOOK, DEFENDANT-APPELLEE'S ACTIONS AND THE RECOMMENDATIONS FROM DEFENDANT-APPELLEES DID NOT CREATE A MATERIAL FACT IN DISPUTE THAT AN IMPLIED CONTRACT EXISTED BETWEEN THE PARTIES.
"ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED WHEN GRANTING SUMMARY JUDGMENT AND CONCLUDING DEFENDANT-APPELLEE DID NOT REASONABLY EXPECT ITS REPRESENTATIONS TO BE RELIED UPON BY PLAINTIFF-APPELLANT, AND THAT DEFENDANT-APPELLEE'S EXPECTED ACTIONS OR FORBEARANCES DID NOT CREATE DETRIMENTAL RELIANCE TO PLAINTIFF-APPELLANT, THUS CREATING A PROMISSORY ESTOPPEL EXCEPTION TO AN EXISTING EMPLOYMENT-AT-WILL CONTRACT BETWEEN THE PARTIES.
"Issue 3:
 WHEN DEFENDANT-APPELLEE'S SUPERVISORS REQUEST PLAINTIFF-APPELLANT TO PERFORM PERSONAL WORK ON COMPANY TIME, USING COMPANY PROPERTY AND FOR OVER (2) YEARS, DEFENDANT-APPELLEE KNOWINGLY ALLOWS PLAINTIFF-APPELLANT TO PERFORM NON-WORK RELATED WORK ON DEFENDANT-APPELLEE'S PREMISES, A MATERIAL FACT IN DISPUTE EXISTS WHETHER DEFENDANT-APPELLEE'S ACTIONS RESULTED IN PLAINTIFF-APPELLANT DETRIMENTALLY RELYING ON HE WOULD NOT BE TERMINATED FOR PERFORMING THIS WORK AND WHETHER THE PROMISSORY ESTOPPEL RESULTED THEREFROM.
"ASSIGNMENT OF ERROR NO. 4:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED PLAINTIFF-APPELLANT TO PAY DEFENDANT-APPELLEES REASONABLE EXPENSES PURSUANT TO OHIO RULE 56(G).
"Issue 4:
 APPELLANT'S STATEMENTS IN HIS AFFIDAVIT AND IN HIS DEPOSITION DO NOT JUSTIFY AN AWARD OF EXPENSES TO DEFENDANT-APPELLEES PURSUANT TO RULE 56(G) OF THE OHIO RULES OF CIVIL PROCEDURE."
In considering appellant's first, second and third assignments of error and arguments in support thereof, this court reviewed the record of this cause, the relevant case law and applied this law. After doing so, we conclude that the opinion and judgment entry of the trial court properly determines and correctly disposes of the material issues in this case. We therefore adopt the judgment of the trial court as our own. See Appendix A. Accordingly, appellant's first, second and third assignments of error are found not well-taken.
In his fourth assignment of error, appellant argues that the trial court erred in ordering him to pay appellees' reasonable attorney fees. Because the judgment ordering appellant to pay appellees' reasonable attorney fees was not embraced by the notice of appeal, and because a separate appeal has not been taken from that judgment, the judgment ordering appellant to pay appellees' reasonable attorney fees cannot properly be considered in this appeal. Accordingly, appellant's fourth assignment of error is found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 _________________________ Peter M. Handwork, J.
James R. Sherck, J., George M. Glasser, J., Judges concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.